The Judges pronounced their opinions.
JUDGE TUCKER,
after stating the case, proceeded as follows.
A preliminary question in this case is, whether the record, verdict, depositions and exhibits in the before-mentioned suit between George Chapman, the uncle, defendant in the present suit, and George Chapman the nephew, one of the parties complainant in the present suit, originally brought by his elder brother Nathaniel, and now revived in the names of himself and his brother John, as co-heirs of Na *157 thaniel, are to be considered as evidence in this cause, or not.
The general rule as to giving verdicts and judgments in evidence(a) is, that they are not to be admitted but between parties, or privies; to which general rule there are some few exceptions, one of which is that, where a fact to be proved is such whereof hearsay and reputation are evidence, a special verdict between other parties stating a pedigree would be evidence to prove a descent; for, in such a case, what any of the family, who are dead, have been heard to say, or the general reputation in the family, entries in family books, &c. are allowed, (b) But this is not such a case: hearsay was never yet permitted as evidence to prove a promise, or the considera403 tion upon which a deed *was made. The general rule, then, must prevail. A corollary from that rule is, that nobody can take benefit by a verdict, that would not have been prejudiced by it, had it gone contrary, (c) According to the general rule and its corollary, Nathaniel Chapman could not avail himself of the verdict between his younger brother, then in full life, and his uncle; for he was not his heir, nor did he claim the lands under him. Neither could he be prejudiced by that verdict between those parties; because he claimed as heir to his father Pearson Chapman, whose heir his younger brother was not, nor, as the laws then stood, could be. Consequently, had there been no abatement of the suit, the record and verdict in the former suit, between George the uncle, and George the brother, could not have been admitted as proper evidence in this suit. Is the case altered by the abatement, and the revivor in the names of George the brother and John his brother, as heirs of Nathaniel? I conceive not. Whatever right George the brother might have, in an original suit between himself and his uncle George, to avail himself of that verdict, he is to be regarded, in the present suit, only as one of several heirs of his brother Nathaniel, all of whom collectively, represent that brother as his heirs, or more properly as his heir; according to the known rule of law that all the heirs in parcenary make but one heir, (d) As, therefore, he comes to revive and continue the suit jure representationis, the suit must remain in the same plight and condition, according to the prayer of his bill of revivor, as if his brother Nathaniel, the original complainant, were still alive.
Again; whatever personal right George might have to avail himself of that verdict, that right was not communicable to another, not claiming as a privy under him, Therefore George, in a joint suit brought by himself and his brother John, who does not claim under him, but independently of him, cannot be entitled, from the bare circumstance of their being joint complainants in the same suit, to communicate 404 *to that brother the benefit of that verdict, to which John was neither a party, nor privy; and by which he could not possibly have been prejudiced. Therefore, taking the matter either way, I think the record in the former suit inadmissible as evidence in this cause. This case appears to me to be much stronger than that of Payne v. Coles, lately decided: in the decision in that case I cheerfully acquiesce, and think it furnishes an additional reason for my present opinion.
As to the depositions; the offer by the defendant to admit them to be read, alone, without the verdict or other parts of the record, not being accepted by the complainant, who insisted on the whole being admitted as evidence, the matter remains as if no such offer was made; and the same reasons will apply for rejecting them, as for rejecting the verdict.
I am therefore of opinion that the decree be affirmed.
JUDGE ROANE
would have assigned his reasons for affirming the decree, had they1, not all been anticipated in the opinion just delivered. He contended himself, therefore, with expressing his concurrence ; observing that the record of the former suit was not admissible as evidence in this; and, that being excluded, there was no evidence to prove the promise, alleged in the bill to have been made bjr Constant Chapman, on which the plaintiffs’ claim is founded. Of course, the bill was properly dismissed.
JUDGE TEEMING.
It is the unanimous opinion of the Court that the decree dismissing the bill be affirmed.

 See Pegram v. Isabel. 2 H. & M. 200.

 Bull. N. P. 231, 233.

 Hard. 472; Gilb. Evid. 34, 35, Viscountess Pembroke v. Currier.

 Co. Litt. 163.